**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>GLOCK GMBH 27, .40 CALIBER PISTOL, SN: LSK948, *et al.*,<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:26-cv-117<br><br>Judge Atchley<br><br>Magistrate Judge McCook |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff United States of America's Motion for Summary Judgment [Doc. 8], which seeks the forfeiture of one .40-caliber Glock GMBH 27, SN: LSK948, and nine rounds of Winchester-Western .40-caliber ammunition (collectively, "the Defendant Properties") pursuant to 18 U.S.C. §§ 924(d), 924(d)(1) and 28 U.S.C. § 2461(c). As explained below, because Plaintiff has shown without dispute that: (1) the Defendant Properties are subject to forfeiture and (2) Plaintiff followed the procedures required to forfeit the Defendant Properties, Plaintiff is entitled to summary judgment. Therefore, the Court **GRANTS** Plaintiff's motion [Doc. 8].

## I. FACTUAL AND PROCEDURAL HISTORY

On January 21, 2019, Nathaniel T. Taylor was stopped by officers of the Knoxville Police Department. [Doc. 9, at 2; Doc. 1-1, at 3]. During the traffic stop, the officers searched the car, where they found the Defendant Properties. [Doc. 1-1, at 3–4]. The officers then seized the Defendant Properties. [Doc. 9, at 2]. According to Plaintiff, Taylor had prior felony convictions for Aggravated Assault, Aggravated Burglary, Possession of a Firearm by a convicted felon, and Schedule II distribution. [Doc. 1-2; Doc. 1-1, at 4]. Consequently, the United States used the fruit

of the traffic stop as a basis to indict Taylor for violating 18 U.S.C. §§ 922(g)(1) and 924(e)(1). [Doc. 9, at 2; *United States v. Taylor*, 3:20-cr-20 (E.D. Tenn. 2020), Doc. 72]. The indictment, filed about a month after the seizure of the Defendant Properties, sought their forfeiture. [*Taylor*, 3:20-cr-20, Doc. 1]. Taylor then pleaded guilty to violating § 922(g)(1) and was thereafter adjudicated guilty. [*Taylor*, 3:20-cr-20, Doc. 72]. However, Taylor appealed on the basis that the Knoxville Police's search was unreasonable. On appeal, the U.S. Court of Appeals for the Sixth Circuit determined that the officers had no "reasonable suspicion to prolong the traffic stop and remanded" Taylor's case to the District Court. [Doc. 9, at 2]. The District Court then suppressed the evidence that supported his conviction and dismissed Taylor's indictment with prejudice. [*Id.*; *Taylor*, 3:20-cr-20, Doc. 91].

After the dismissal of the indictment, Plaintiff filed a verified complaint in the instant matter seeking in rem forfeiture of Defendant Properties. [Doc. 1]. Upon the request of Plaintiff, the Clerk of this Court issued an arrest warrant for Defendant Properties [Doc. 3], which was executed several days later. [Doc. 7]. Plaintiff attempted to notify Taylor of the sought forfeiture by sending him copies of the verified complaint via certified mail. [Doc. 9-1, at 1]. "Beginning on March 17, 2026, and ending on April 15, 2026, notice of the pendency of this case was posted on an official government site." [Doc. 9, at 3; Doc. 9-2]. Under Supplemental Rule G(5)(a)(ii)(B) of the Federal Rules of Civil Procedure, any verified claim on the Defendant Properties was due "no later than 60 days after the first day of publication on [the] official internet government forfeiture site." That is, such claim was due on May 16, 2026. *See* Fed. R. Civ. P. G(5)(a)(ii)(B), [Doc. 9-2]. However, no such claim was filed by then. Now Plaintiff moves for summary judgment on its claim of forfeiture, which is unopposed and ripe for review.

## II. STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Consequently, the moving party has the burden of pointing out the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

However, a district court cannot grant summary judgment in favor of a movant simply because an adverse party has not responded. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). Rather, the Court must, at a minimum, examine the motion to ensure that the movant has met its initial burden. *Id.* In doing so, the Court "must not overlook the possibility of evidentiary misstatements" made by the movant. *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992). "Summary judgment may be entered in an in rem civil forfeiture action where the moving party satisfies th[is] familiar Rule 56 standard." *United States v. 939 Salem Street, Lynnfield, Mass.*, 917 F. Supp. 2d 151, 154 (D. Mass. 2013) (citation omitted).

## III. ANALYSIS

Plaintiff's motion for summary judgment is unopposed, as no individual or entity has timely made a claim against the Defendant Properties. *See* Fed. R. Civ. P. G(5)(a)(ii)(B), [Doc. 9-2]. Therefore, the Court must scrutinize Plaintiff's arguments in favor of summary judgment to confirm that it has met its initial burden and correctly stated the evidence on the record. *See Stough*, 138 F.3d at 614; *Guarino*, 980 F.2d at 407. Plaintiff has shown that the Defendant Properties are

subject to forfeiture under 18 U.S.C. § 924(d). Plaintiff has also shown that it has jumped through the procedural hoops required to forfeit the Defendant Properties. The Court therefore finds that there is no genuine dispute of material fact and that Plaintiff is entitled to judgment as a matter of law.

**a. The Defendant Properties are subject to forfeiture because they were implicated in Nathaniel Taylor's violation of 18 U.S.C. § 922(g).**

First, Plaintiff has shown that the Defendant Properties are subject to forfeiture. Under 18 U.S.C. § 924(d)(1), "[a]ny firearm or ammunition involved in or used in any knowing violation of" 18 U.S.C. § 922(g) "shall be subject to seizure and forfeiture." In turn, § 922(g)(1) makes it illegal for a person "convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition." Again, Taylor was adjudicated guilty of this crime for possessing the Defendant Properties. [*United States v. Taylor*, 3:20-cr-20 (E.D. Tenn. 2020), Doc. 72].[1] Consequently, the Defendant Properties are "subject to seizure and forfeiture." 18 U.S.C. § 924(d)(1).

The fact that the indictment underlying that conviction was dismissed after appeal does not change this fact. The Supreme Court has plainly explained, as originally enacted, § 924(d) did "not

[1] The Court officially takes judicial notice of the fact that Taylor was adjudicated guilty of violating § 922(g)(1) by possessing the Defendant Properties on January 21, 2019. A court may take *sua sponte* notice of adjudicative facts that are generally known within the Court's territorial jurisdiction and "can be accurately and readily determined from sources whose accuracy cannot be questioned." Fed. R. Evid. 201. "Judicial records are a source of 'reasonably indisputable accuracy' when they record some judicial action such as dismissing an action, granting a motion, or finding a fact." *United States v. Ferguson*, 681 F.3d 826, 834 (6th Cir. 2012) (quoting 21B Wright & Miller's Federal Practice & Procedure § 5106.4 (2d ed. 2005)). Here, the Court's judgment in Taylor's criminal case records Taylor's adjudication of guilt. Therefore, the Court may notice that Taylor was previously adjudicated guilty. Many courts have relied upon judicially noticed facts at summary judgment. *See, e.g.*, *Thomas v. Haslam*, 303 F. Supp. 3d 585, 619–22 (M.D. Tenn. 2018); *Weisblat v. Carroll Univ.*, 748 F. Supp. 3d 517, 527 (N.D. Ohio 2024). The Court will thus rely on the above-noticed fact to resolve the instant motion for summary judgment.

preclude a subsequent in rem forfeiture proceeding against those firearms" after "a gun owner's acquittal on criminal charges involving firearms." *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 366 (1984). However, Congress amended § 924(d)(1) to partly supersede *89 Firearms* two years after it was decided. *See Cooper v. City of Greenwood, Miss.*, 904 F.2d 302, 305 n. 3 (5th Cir. 1990). This amendment provides that, "upon acquittal of the owner or possessor, or dismissal of the charges against him," the firearms and ammunition whose forfeiture the government seeks are to be returned to that individual. However, the amendment made an exception to that rule in cases where the return of the firearms or ammunition would place that individual "in violation of the law." Since the return of the Defendant Properties to Taylor would result in Taylor yet again violating § 922(g)(1), Plaintiff was at no point required to return the Defendant Properties to Taylor. Thus, Plaintiff is entitled to forfeiture despite the 1986 amendment to § 924(d)(1) and the dismissal of Taylor's indictment.

**b. Plaintiff has satisfied all the procedural requirements necessary to forfeit property.**

Secondly, Plaintiff has properly followed the procedures for initiating the forfeiture process. To legally subject a firearm to forfeiture under § 924(d)(1), the government must first commence "[a]ny action or proceeding for the forfeiture" "within one hundred and twenty days of" the defendant property's seizure. In a civil setting, the government initiate forfeiture by filing a verified complaint in a federal district court that describes the defendant property with "reasonable particularity," states the basis for jurisdiction of the forfeiture proceeding, identifies the statute under which forfeiture is sought, and provides "sufficiently detailed facts" that justify forfeiture. Fed. R. Civ. P. G(2). Then the clerk of the court where the forfeiture proceedings are filed must issue a warrant for the property, which then must be executed. Fed. R. Civ. P. G(3)(b)(ii). After this, the government must provide two forms of notice to potential claimants.

The first kind of notice is notice by publication, which the government may achieve by publishing a notice of forfeiture on a government website for thirty consecutive days. Fed. R. Civ. P. G(4)(a). The second kind of notice is direct notice to potential claimants, which "must be sent by means reasonably calculated to reach the potential claimant." Fed R. Civ. P. G(4)(b).

At first glance, it appears Plaintiff has not timely sought forfeiture of the Defendant Properties, as the complaint in the instant case was filed in March 2026—far more than 120 days after the Defendant Properties were seized. [*See* Doc. 1]. But this is not so. Plaintiff's previous attempts to criminally forfeit the Defendant Properties satisfy the 120-day statute of limitation governing its subsequent attempt at civil forfeiture. In *United States v. Ninety-Three Firearms*, 330 F.3d 414 (6th Cir. 2003), federal agents "seized ninety-three firearms and assorted ammunition" from the home of the claimant, a felon who was prohibited from possessing them under 18 U.S.C. § 922(g)(1). *Ninety-Three Firearms*, 330 F.3d at 417. About six weeks later, the government filed administrative forfeiture proceedings, but they were neglected during the pendency of claimant's criminal case. *Id.* After the resolution of the criminal case (that is, nearly five years after the firearms were seized), the government initiated civil in rem forfeiture. *Id.* The claimant contended that the civil forfeiture proceeding was untimely because it did not comply with 18 U.S.C. § 924(d)(1)'s 120-day statute of limitations. *Id.* at 418.

The Sixth Circuit rejected this argument. Recall that § 924(d)(1) requires the government to commence "[a]ny action or proceeding for the forfeiture" of property "within one hundred and twenty days of" the property's seizure. The Sixth Circuit reasoned that the phrase "[a]ny action or proceeding for the forfeiture" did not require the government to initiate both administrative and civil forfeiture within 120 days of seizure—rather, the deadline only required the government to initiate one qualifying proceeding. *Id.* at 420–24. To require that multiple forfeiture proceedings

be filed within 120 days of seizure, the Sixth Circuit explained, would lead to an unreasonable result because it would force both the claimants and the government to bear the "burden of simultaneously participating in two forums." *Id.* at 422 (quoting *United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in United States Currency,* 461 U.S. 555, 566 (1983)).

While the Sixth Circuit's decision addressed civil forfeiture proceedings initiated after an attempt at administrative forfeiture, the same rationale applies to attempted criminal forfeiture. As is the case with administrative forfeiture, allowing the government to seek forfeiture in criminal proceedings without initiating civil forfeiture "protects the courts"—as well as the government and claimants—"from overly burdensome litigation" and "conserves economic resources" that would otherwise be spent on duplicative forfeiture proceedings. *Id.* at 423. Therefore, the conclusion most consistent with the Sixth Circuit's decision in *Ninety-Three Firearms* is that the 120-day statute of limitations governing civil forfeiture can be satisfied by previously attempted criminal forfeiture. *See id.* at 420–24. Here, since Plaintiff previously attempted to criminally forfeit the Defendant Properties within 120 days of their seizure, [*United States v. Taylor*, 3:20-cr-20, Doc. 1], Plaintiff's attempt to civilly forfeit those properties here is not barred by § 924(d)(1)'s 120-day requirement.

Whether Plaintiff has met the other procedural requirements is beyond question. Plaintiff filed a verified complaint in this Court that described the Defendant Properties with more than "reasonable particularity," stated the Court's basis for jurisdiction, explained why forfeiture was allowed by 18 U.S.C. § 924(d), and provided "sufficiently detailed facts" about Nathaniel Taylor's illegal possession of the Defendant Properties. Fed. R. Civ. P. G(2); [*see generally* Doc. 1]. The Clerk of this Court then issued a warrant for the Defendant Properties, which was then promptly executed. [Doc. 3; Doc. 7]. Plaintiff then provided notice by publication, as it posted a notice of

forfeiture on a government website for thirty consecutive days. *See* Fed. R. Civ. P. G(4)(a); [Doc. 9-2]. Plaintiff also made efforts to notify Taylor, the only known potential claimant of the Defendant Properties, of the forfeiture proceeding by certified mail. [Doc. 9-1]. As the Sixth Circuit has held, certified mail is a means of notice "reasonably calculated to reach [a] potential claimant," *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 320 n. 1 (6th Cir. 2010) (quoting Fed R. Civ. P. G(4)(b)), so Plaintiff has complied with Rule G's direct notice requirement. In short, Plaintiff has followed the procedures necessary to forfeit the Defendant Properties.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's undisputed account of the material facts show that: (1) the Defendant Properties are subject to forfeiture under 18 U.S.C. § 924(d) and (2) Plaintiff followed the procedures required to forfeit the Defendant Properties. This entitles Plaintiff to judgment as a matter of law. Therefore, the Court **GRANTS** Plaintiff's motion for summary judgment [Doc. 8]. A separate order of forfeiture will enter.

**SO ORDERED**.

*<u>/s/ Charles E. Atchley, Jr.</u>*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**